IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DELTA LOGISTICS, INC.**                                                                    **PLAINTIFF**

VS.                                              05:19-cv-05063-TLB

**P.A.M. TRANSPORT, INC.**                                                              **DEFENDANTS**

**MOTION FOR PRELIMINARY INJUNCTION**

Delta Logistics, Inc. ("Delta"), by its attorneys, Friday, Eldredge & Clark, LLP, for its Motion for Preliminary Injunction ("Motion") against P.A.M. Transport, Inc. ("PAM"), states as follows:

1. Delta respectfully requests that this Court enter a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 as requested in the Verified Complaint for Preliminary and Permanent Injunction and for Damages ("Complaint") filed contemporaneously with this Motion.

2. The Complaint and its exhibits are incorporated herein by reference in their entirety.

3. PAM authored and posted a false and defamatory Freightguard Report about Delta on Carrier411, an online forum for carrier companies that is widely used in the shipping industry where companies can post about their dealings with other companies. Companies use Carrier411 to ascertain the reputation and service quality of other carriers.

4. On February 12, 2019, PAM posted that Delta re-brokered a shipment without PAM's authorization, modified a carrier agreement in-transit, failed to timely deliver a load, and engaged in fraudulent, unethical, or deceptive business practices. *See* Ex. A to the Complaint (the "Carrier411 Post"). Pierre Guignon wrote the Carrier 411 Post. *See id*.

5. But Delta did not broker any such load for PAM. On information and belief, PAM is referring to a load it brokered with another carrier, Complete Delivery Services ("CDS"). CDS apparently delivered PAM's load late, and PAM blamed Delta—despite knowing that it did not contract with Delta for this load to be carried—because PAM erroneously believed that Delta and CDS share an address and use the same phone number. *See id*.

6. In fact, Delta and CDS do not share an address and do not occupy the same building; they are neighbors. While the distinction in their street addresses is a subtle one in their respective street numbers, Delta's is 9835 SW Commerce Circle Wilsonville, Oregon 97070, and CDS's is 9825 SW Commerce Circle, Wilsonville, Oregon 97070. Nor do Delta and CDS share the same phone number.

7. On February 20, 2019, Delta wrote PAM and Mr. Guignon a cease-and-desist letter demanding that PAM remove the false and baseless Carrier411 Post from online. *See* Ex. B to the Complaint.

8. On March 14, 2019, PAM responded and claimed it had considered Delta's demand. Ultimately, though, PAM asserted that it would not remove the Carrier411 Post because Delta's letter's "facts are materially incorrectly." *See* Ex. C to the Complaint.

9. Then, confusingly, in an email the following day, PAM's counsel claimed that she needed more time to investigate Delta's demand. She claimed that she had a load confirmation that might show that Delta in fact double-brokered the loan in question, but she did not produce it before she left for vacation—even after repeated requests from Delta's counsel. *See* Ex. D to the Complaint.

10. Delta will be harmed irreparably in the absence of a preliminary injunction requiring PAM to remove the Carrier411 Post. Delta's reputation and goodwill in the carrier and

brokerage industries is being harmed every time a viewer sees the Carrier411 Post. In fact, Delta has been informed by multiple customers, both current and prospective, that the Carrier411 Post has caused them to forego or cease doing business with Delta.

11. If Delta's reputation and goodwill continues to be negatively impacted by the Carrier411 Post, its significant business relationships that it has worked so hard to develop will be damaged, and its ability to continue as an ongoing business able to employ its employees will be undercut. This sort of reputational harm is difficult to quantify and will confuse those in the carrier and brokerage industries.

12. Delta is likely to prevail on the merits of the claims alleged in its Complaint. Delta did not contract with PAM to book or broker the load that PAM claims was delivered late. Delta is not liable for CDS's late delivery just because their office addresses are similar.

13. Therefore, PAM's Carrier411 Post is demonstrably false. And Delta has suffered and continues to suffer irreparable harm and damage to its goodwill, reputation, and business expectancies.

14. A preliminary removal of PAM's Carrier411 Post will maintain the status quo with virtually no inconvenience to PAM until this Court can reach a decision on the merits. No ascertainable or cognizable harm to PAM exists if it is ordered to temporarily remove the Carrier411 Post until this matter is resolved.

15. On the other hand, if the Carrier411 Post is not removed, Delta will continue to suffer the kind of irreparable harm to its goodwill, reputation, and business expectancies that it is entitled to protect. Moreover, if that harm is not mitigated, Delta's ability to prosecute this lawsuit to protect itself may even be undermined.

16. Finally, a preliminary injunction is in the public's best interest to prevent confusion or deception in the carrier and brokerage industries. As long as the Carrier411 Post remains up, the industry will be misled—away from Delta's services to another broker or carrier.

17. Accordingly, Delta seeks a preliminary injunction that requires PAM to remove the Carrier411 Post from the internet absent a further Order of this Court.

18. Contemporaneously with the filing of this Motion, Delta files a Brief in its Support, which it incorporates herein by reference in its entirety.

WHEREFORE, Delta respectfully requests that this Court grant its Motion, issue a preliminary injunction requiring PAM to remove the Carrier411 Post pending further Order of this Court, and award it any further relief to which it may be entitled.

Respectfully submitted,

Angela C. Artherton, Ark. Bar No. 2012156
Kael K. Bowling, Ark. Bar No. 2016220
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 300
Rogers, Arkansas 72758
Phone: (479) 695-6049
Fax: (501) 244-5389
aartherton@fridayfirm.com
kbowling@fridayfirm.com

By: _____/s/ *Angela C. Artherton*_____
      Angela C. Artherton